IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Northern Division*

| | |
|---|---|
| **SABRINA TAPP-HARPER**, | * |
| | * |
| Plaintiff | * |
| | * |
| | * Civil No.: 1:24-cv-2498 |
| | * |
| v. | * |
| | * |
| **SHERIFF SAMUEL COGEN**, In his individual and official capacity | * |
| | * |
| | * |
| | * |
| Defendant. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*.   \*

## COMPLAINT FOR WRONGFUL TERMINATION AND RETALIATION

### I.    INTRODUCTION

This is an action for wrongful termination based on gender discrimination, race discrimination, retaliation, and whistleblower retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1983, the First Amendment to the United States Constitution, Article 40 of the Maryland Declaration of Rights, and Maryland whistleblower protection laws.

### II.   PARTIES

1. Plaintiff, Sabrina Tapp-Harper, is an African American female resident of Baltimore, Maryland, and was employed by the Baltimore City Sheriff's Office from January 30, 2014, until her wrongful termination on December 27, 2022.

1

2. Defendant, Sheriff Sam Cogen, is the elected Sheriff of Baltimore City and is sued in his individual capacity. At all relevant times, Defendant Cogen was acting under color of law.

## III.   JURISDICTION AND VENUE

3. This Court has jurisdiction under 28 U.S.C. § 1331 as this case arises under federal law and supplemental jurisdiction under 28 U.S.C. § 1367 for state law claims.

4. Venue is proper in this district under 28 U.S.C. § 1391 because the events giving rise to this claim occurred in this district.

## IV.   FACTUAL ALLEGATIONS

5. Plaintiff began her employment with the Baltimore City Sheriff's Office on January 30, 2014, as a Deputy Sheriff Major.

6. Throughout her tenure, Plaintiff was subjected to persistent gender and race discrimination, including but not limited to:

    a. Being repeatedly reassigned without justification;

    b. Having her office taken over by male colleagues without consent;

    c. Being excluded from important meetings and decision-making processes;

    d. Receiving unequal pay compared to male counterparts with similar qualifications and responsibilities.

7. On September 7, 2021, Plaintiff filed an internal EEO complaint, which she amended on September 29, 2021. The complaint detailed specific incidents of gender and race discrimination and a hostile work environment, including

allegations against then-Assistant Sheriff Cogen concerning the disparate application and enforcement of agency policies.

8. In September 2021, Plaintiff raised concerns about the disparate application of a department policy on the reimbursement of training costs. Plaintiff provided evidence showing that the policy was being applied unfairly along racial and gender lines, with male employees receiving preferential treatment.

9. On September 1, 2022, Plaintiff was promoted to Assistant Sheriff as part of a settlement agreement to resolve her EEO complaint. The agreement, signed by the Baltimore City Sheriff and Plaintiff, required her to withdraw her EEO claims, including the disparate application claims against then-Assistant Sheriff Samuel Cogen.

10. On September 2, 2022, Defendant Cogen, without legal authority, sent a communication to the Baltimore City Sheriff John W. Anderson requesting a pause in certain administrative processes, including hiring and promotion, despite not yet being officially elected to the office of Sheriff.

11. On November 8, 2022, Defendant Cogen was elected Sheriff of Baltimore City.

12. On November 30, 2022, Samuel Cogen was sworn in as the duly elected Sheriff of Baltimore City. On the same day, at 4:19 PM, Plaintiff Tapp-Harper was placed on administrative leave as discipline and her police powers were suspended, without any prior notice, explanation, or cause.

13. Sheriff Cogen knew of the EEO settlement agreement with Plaintiff Tapp-Harper, and knowingly, willfully, and maliciously violated its terms by taking adverse actions against her, and ultimately terminating her employment.

14. On December 27, 2022, Plaintiff was terminated without a given reason and in clear violation of the EEO settlement agreement signed in August 2022, which was still in effect at the time of the termination.

15. Plaintiff Tapp-Harper was replaced by a male assistant sheriff with less experience and qualifications.

16. On May 30, 2024, the EEOC issued a notice of right to sue, allowing Plaintiff to file this lawsuit within 90 days.

## V. CAUSES OF ACTION

### Count I:
*Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964*

17. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

18. Defendant's actions in interfering with administrative actions prior to being duly elected and terminating Plaintiff Tapp-Harper's employment unlawfully discriminated against Plaintiff based on her gender in violation of Title VII of the Civil Rights Act of 1964.

19. Plaintiff, as a female, is a member of a protected class under Title VII.

20. Plaintiff was qualified for her position and was performing her job duties satisfactorily.

21. Plaintiff suffered an adverse employment action when she was terminated from her position.

22. The circumstances surrounding Plaintiff's termination give rise to an inference of gender discrimination, as evidenced by:

4

    a. Plaintiff's replacement by a less qualified male;

    b. The pattern of discriminatory treatment throughout her employment;

    c. The timing of her termination shortly after Defendant Cogen assumed office.

23. Defendant's intentional, malicious, and unlawful actions have caused economic harm, emotional distress, and reputational damage to Plaintiff.

**Count II:**
*Race Discrimination in Violation of Title VII of the Civil Rights Act of 1964*

24. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

25. Defendant's actions in interfering with administrative actions prior to being duly elected and terminating Plaintiff Tapp-Harper's employment unlawfully discriminated against Plaintiff based on her race in violation of Title VII of the Civil Rights Act of 1964.

26. Plaintiff, as an African American, is a member of a protected class under Title VII.

27. Plaintiff was qualified for her position and was performing her job duties satisfactorily.

28. Plaintiff suffered an adverse employment action when she was terminated from her position.

29. The circumstances surrounding Plaintiff's termination give rise to an inference of race discrimination, as evidenced by:

    a. The pattern of discriminatory treatment throughout her employment;

    b. The disparate application of department policies along racial lines;

    c. The timing of her termination shortly after Defendant Cogen assumed office.

30. Defendant's intentional, malicious, and unlawful actions have caused economic harm, emotional distress, and reputational damage to Plaintiff.

### Count III:
*Retaliation in Violation of Title VII of the Civil Rights Act of 1964*

31. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

32. Plaintiff engaged in protected activity under Title VII by filing an EEO complaint on September 7, 2021, and amending it on September 29, 2021.

33. Defendant was aware of Plaintiff's protected activity, as the EEO complaint resulted in a settlement agreement that led to Plaintiff's promotion to Assistant Sheriff.

34. Defendant retaliated against Plaintiff for her protected activity by:

    a. Interfering in the administrative process without legal authority;

    b. Placing Plaintiff on administrative leave immediately upon taking office;

    c. Terminating Plaintiff's employment without cause or explanation.

35. There is a causal connection between Plaintiff's protected activity and the adverse employment actions, as evidenced by the temporal proximity between the settlement of her EEO complaint and her subsequent termination.

36. Defendant's reckless, intentional, malicious, and unlawful actions have caused economic harm, emotional distress, and reputational damage to Plaintiff.

### Count IV:
*Retaliation for Exercising Rights Protected by the First Amendment to the U.S. Constitution*

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. Plaintiff engaged in protected speech activity by raising concerns about the disparate application of a department policy on the reimbursement of training costs with members of the command staff, including Defendant Cogen.

39. Plaintiff's speech addressed a matter of public concern, specifically the fair and equitable treatment of employees in a public office.

40. Plaintiff's interest in speaking out on this matter of public concern outweighs any governmental interest in efficiency.

41. Defendant Cogen retaliated against Plaintiff Tapp-Harper by:

    a. Interfering in administrative processes prior to being duly elected as Sheriff;

    b. Placing Plaintiff Tapp-Harper on administrative leave and suspending her police powers;

    c. Terminating her employment.

42. There is a causal connection between Plaintiff's protected speech and the adverse employment actions, as evidenced by the timing of the actions and Defendant's knowledge of Plaintiff's prior complaints.

43. Defendant's reckless, intentional, malicious, and unlawful actions have caused economic harm, emotional distress, and reputational damage to Plaintiff.

### Count V:
*Retaliation for Exercising Rights Protected by Article 40 of the Maryland Declaration of Rights*

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Plaintiff engaged in protected speech activity under Article 40 of the Maryland Declaration of Rights by raising concerns about the disparate application of a department policy on the reimbursement of training costs.

46. Defendant Cogen retaliated against Plaintiff Tapp-Harper for exercising her rights under Article 40 by the actions described in paragraphs 40-41.

47. Defendant's reckless, intentional, malicious, and unlawful actions have caused economic harm, emotional distress, and reputational damage to Plaintiff.

## Count VI:
*Breach of Contract*

48. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

49. Plaintiff and the Baltimore City Sheriff's Office entered into a valid and enforceable settlement agreement in August 2022 to resolve Plaintiff's EEO complaint.

50. The settlement agreement required Plaintiff to withdraw her EEO claims in exchange for her promotion to Assistant Sheriff and continued employment.

51. Defendant's termination of Plaintiff Tapp-Harper intentionally and deliberately breached the settlement agreement by:
    a. Terminating Plaintiff's employment without cause;
    b. Failing to honor the terms of the settlement agreement regarding Plaintiff's continued employment.

52. Defendant's reckless, intentional, malicious, and unlawful actions in violating the terms of the EEO settlement agreement have caused economic harm, emotional distress, and reputational damage to Plaintiff Tapp-Harper.

## Count VII:
*Employment Discrimination under 42 U.S.C. § 1983*

52. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

53. Defendant, acting under color of state law, intentionally discriminated against Plaintiff based on her gender and race, in violation of the Equal Protection Clause of the Fourteenth Amendment.

54. Plaintiff was qualified for her position and was performing her job duties satisfactorily.

55. Plaintiff suffered an adverse employment action when she was terminated from her position.

56. The circumstances surrounding Plaintiff's termination give rise to an inference of intentional discrimination, as evidenced by:
    a. Plaintiff's replacement by a less qualified male;
    b. The pattern of discriminatory treatment throughout her employment;
    c. The timing of her termination shortly after Defendant Cogen assumed office.

57. Defendant's actions have caused economic harm, emotional distress, and reputational damage to Plaintiff.

## VI.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

A. Declare the acts complained of herein to be in violation of Title VII, the First Amendment to the U.S. Constitution, Article 40 of the Maryland Declaration of Rights, and Maryland whistleblower protection laws;

B. Award Plaintiff compensatory damages for economic losses, reputational harm, and emotional distress in an amount to be determined at trial, but not less than $500,000;

C. Order that Plaintiff be reinstated to the position of Assistant Sheriff with back pay and benefits lost due to Defendant's actions;

D. Order that Defendant honor the settlement agreement with Plaintiff Tapp-Harper;

E. Award Plaintiff front pay in the event reinstatement is not feasible.

F. Enjoin Defendant from further retaliation against Plaintiff;

G. Award Plaintiff punitive damages for the Defendant's willful and malicious conduct in an amount to be determined at trial, but not less than $1,000,000;

H. Award Plaintiff reasonable attorney's fees and costs;

I. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

　/s/ Sheridan T. Yeary.
Sheridan T. Yeary, Esq. (ID#: 21657)
The Yeary Firm, LLC
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues so triable.

   /s/ Sheridan T. Yeary.
Sheridan T. Yeary, Esq. (ID#: 21657)
The Yeary Firm, LLC
P.O. Box 682
Columbia, MD 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of August 2024, a copy of the foregoing was filed with the United States District Court for the District of Maryland by electronic filing.

   /s/ Sheridan T. Yeary.
Sheridan T. Yeary, Esq. (ID#: 21657)