**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SABRINA TAPP-HARPER, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:24-cv-002498-ABA |
| SHERIFF SAMUEL COGEN, | * | |
| *Defendant*. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANT SHERIFF SAMUEL COGEN'S**
**ANSWER TO THE AMENDED COMPLAINT**

Defendant Sheriff Samuel Cogen, by undersigned counsel, hereby submits this answer to plaintiff Sabrina Tapp-Harper's amended complaint (ECF No. 10).

**ANSWER**

The allegations in the Introduction are legal conclusions that do not require a response.

1.  Sheriff Cogen admits the allegations in paragraph 1, except for the allegation regarding a wrongful termination.

2.  The allegation in paragraph 2 is a legal conclusion that does not require a response.

3.  The allegation in paragraph 3 is a legal conclusion that does not require a response.

4.  The allegation in paragraph 4 is a legal conclusion that does not require a response.

5. Sheriff Cogen admits the allegations in paragraph 5.

6. Sheriff Cogen denies the allegations in paragraph 6.

7. Sheriff Cogen admits the allegations in the first sentence of paragraph 7, and denies the allegations in the second sentence of paragraph 7.

8. Sheriff Cogen lacks sufficient knowledge to admit or deny the allegations in paragraph 8.

9. Sheriff Cogen admits the allegations in the first sentence of paragraph 9. Sheriff Cogen lacks sufficient information to admit or deny the allegations in the second sentence of paragraph 9.

10. Sheriff Cogen admits the allegations in paragraph 10, except for the phrase "without legal authority," which is a legal conclusion.

11. Sheriff Cogen admits the allegations in paragraph 11.

12. Sheriff Cogen admits the allegations in paragraph 12, except for the allegation characterizing the nature of the administrative leave in the second sentence.

13. Sheriff Cogen lacks sufficient knowledge to admit or deny the allegations in paragraph 13.

14. Sheriff Cogen admits the allegations in the first sentence of paragraph 14 and lacks sufficient knowledge to admit or deny the allegations in the second sentence of paragraph 14.

15. Sheriff Cogen lacks sufficient knowledge to admit or deny the allegations in paragraph 15.

16. Sheriff Cogen denies the allegations in paragraph 16.

17. Sheriff Cogen denies the allegations in paragraph 17.

18. Sheriff Cogen denies the allegations in paragraph 18.

19. Sheriff Cogen lacks sufficient knowledge to admit or deny the allegations in paragraph 19.

20. Sheriff Cogen lacks sufficient knowledge to admit or deny the allegations in paragraph 20.

21. Sheriff Cogen denies the allegations in paragraph 21.

22. Sheriff Cogen denies the allegations in paragraph 22.

23. Sheriff Cogen admits the allegation in paragraph 23 that the EEOC issued a letter on May 30, 2024. The remaining allegations are legal conclusions that do not require a response.

24. Count I was dismissed, and no response is required to paragraph 24.

25. Count I was dismissed, and no response is required to paragraph 25.

26. Count I was dismissed, and no response is required to paragraph 26.

27. Count I was dismissed, and no response is required to paragraph 27.

28. Count I was dismissed, and no response is required to paragraph 28.

29. Count I was dismissed, and no response is required to paragraph 29.

30. Count I was dismissed, and no response is required to paragraph 30.

31. Count II was dismissed, and no response is required to paragraph 31.

32. Count II was dismissed, and no response is required to paragraph 32.

33. Count II was dismissed, and no response is required to paragraph 33.

34. Count II was dismissed, and no response is required to paragraph 34.

35. Count II was dismissed, and no response is required to paragraph 35.

36. Count II was dismissed, and no response is required to paragraph 36.

37. Count II was dismissed, and no response is required to paragraph 37.

38. The allegation in paragraph 38 is a legal conclusion that does not require a response.

39. Sheriff Cogen admits the allegations in paragraph 39 that Ms. Tapp-Harper filed a complaint on September 7, 2021 and amended it on September 29, 2021. The remaining allegations are legal conclusions that do not require a response.

40. Sheriff Cogen denies the allegations in paragraph 40.

41. Sheriff Cogen denies the allegations in paragraph 41.

42. Sheriff Cogen denies the allegations in paragraph 42.

43. Sheriff Cogen denies the allegations in paragraph 43.

44. Count IV was dismissed, and no response is required to paragraph 44.

45. Count IV was dismissed, and no response is required to paragraph 45.

46. Count IV was dismissed, and no response is required to paragraph 46.

47. Count IV was dismissed, and no response is required to paragraph 47.

48. Count IV was dismissed, and no response is required to paragraph 48.

49. Count IV was dismissed, and no response is required to paragraph 49.

50. Count IV was dismissed, and no response is required to paragraph 50.

51. Count V was dismissed, and no response is required to paragraph 51.

52. Count V was dismissed, and no response is required to paragraph 52.

53. Count V was dismissed, and no response is required to paragraph 53.

54. Count V was dismissed, and no response is required to paragraph 54.

55. Count VI was dismissed, and no response is required to paragraph 55.

56. Count VI was dismissed, and no response is required to paragraph 56.

57. Count VI was dismissed, and no response is required to paragraph 57.

58. Count VI was dismissed, and no response is required to paragraph 58.

59. Count VI was dismissed, and no response is required to paragraph 59.

60. Count VII was dismissed, and no response is required to paragraph 60.

61. Count VII was dismissed, and no response is required to paragraph 61.

62. Count VII was dismissed, and no response is required to paragraph 62.

63. Count VII was dismissed, and no response is required to paragraph 63.

64. Count VII was dismissed, and no response is required to paragraph 64.

65. Count VII was dismissed, and no response is required to paragraph 65.

66. Count VIII was dismissed, and no response is required to paragraph 66.

67. Count VIII was dismissed, and no response is required to paragraph 67.

68. Count VIII was dismissed, and no response is required to paragraph 68.

69. Count VIII was dismissed, and no response is required to paragraph 69.

70. Count VIII was dismissed, and no response is required to paragraph 70.

71. Count VIII was dismissed, and no response is required to paragraph 71.

72. Count VIII was dismissed, and no response is required to paragraph 72.

73. Count VIII was dismissed, and no response is required to paragraph 73.

74. Count VIII was dismissed, and no response is required to paragraph 74.

75. Count IX was dismissed, and no response is required to paragraph 75.

76. Count IX was dismissed, and no response is required to paragraph 76.

77. Count IX was dismissed, and no response is required to paragraph 77.

78. Count IX was dismissed, and no response is required to paragraph 78.

79. Count X was dismissed, and no response is required to paragraph 79.

80. Count X was dismissed, and no response is required to paragraph 80.

81. Count X was dismissed, and no response is required to paragraph 81.

82. Count X was dismissed, and no response is required to paragraph 82.

83. Count X was dismissed, and no response is required to paragraph 83.

84. Count X was dismissed, and no response is required to paragraph 84.

85. Count X was dismissed, and no response is required to paragraph 85.

86. Count X was dismissed, and no response is required to paragraph 86.

## AFFIRMATIVE DEFENSES

1. The amended complaint fails to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to the punitive damages that she seeks.

3. Defendant acted in accordance with all applicable state and federal laws.

4. Defendant acted in good faith.

5. Defendant asserts that the allegations in the amended complaint do not rise to the level of a constitutional violation.

6. Defendant is entitled to qualified immunity.

7. There were legitimate, non-discriminatory reasons for all actions taken by the defendant.

8. Defendant reserves the right to amend this answer pursuant to Rule 15.

        Respectfully submitted,

        ANTHONY G. BROWN
        Attorney General of Maryland

        /s/ Alexis Gbemudu
        Alexis Gbemudu (No. 22021)
        Assistant Attorney General
        200 St. Paul Place, 19th Floor
        Baltimore, Maryland 21202
        agbemudu@oag.state.md.us
        (410) 576-7011
        (410) 576-6955 (facsimile)

September 19, 2025        Attorney for Sheriff Samuel Cogen

## CERTIFICATE OF SERVICE

I certify that, on this 19th day of September, 2025 the foregoing was served by CM/ECF on all registered CM/ECF users.

        /s/ Alexis Gbemudu
        Alexis Gbemudu