UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
ADAM B. ABELSON
UNITED STATES DISTRICT COURT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7750
MDD_ABAchambers@mdd.uscourts.gov

# LETTER ORDER

September 24, 2025

To:       Counsel of Record

Subject:  Sabrina Tapp-Harper v. Sheriff Samuel Cogen
          Civil No.: 24-2498-ABA

Dear Counsel:

I am providing you with my informal discovery dispute procedure. The parties should only use the expedited process detailed below for any disputes that remain after the parties' good faith effort to resolve the dispute on your own. Please do not file any discovery motions until this process has been followed and I advise you that formal briefing is necessary.

Be aware that, should I decide it is warranted, I may have either individual or all discovery disputes and related scheduling referred to a magistrate judge for resolution. In that event, any resolution procedure put in place by the magistrate judge will supplant this one.

My informal discovery dispute procedure is as follows:

**You are required to attempt to resolve any discovery disputes among yourselves in the first instance. If you are unable to do so, you may:**

1. File a **joint** brief letter (not to exceed one page) advising me that you would like me to resolve a discovery dispute (noting the nature of the dispute), confirming that you have attempted to resolve it on your own and that you have held a Local Rule 104.7 conference. This requirement contemplates a discussion between counsel, not an email exchange.

2. Within 24 hours of sending the joint letter noted above, counsel involved in the discovery dispute shall file short letters (not to exceed three pages) setting forth their respective positions. You are not to "reply" to each other's letters. This procedure contemplates that you will file your letters contemporaneously and that you are already familiar with the other party's position by virtue of your conference. If the dispute pertains to requests for production of documents, interrogatories, or requests for admission, please attach a copy of the responses (and, if information from the requests, such as definitions, are pertinent to the dispute and are not reflected in the written responses, then attach the requests as well). Do not file other attachments to

      your letters unless I have granted permission in advance. Any request should detail what it is you request permission to attach, including its length and the need for it.

3. Upon review of these letters, I will determine whether a conference or hearing is necessary to resolve the dispute. If not, I will resolve the dispute. If so, my chambers will contact you with a timeframe for when I am available for a conference call or hearing.

4. If I advise counsel that I would like to have a telephone conference, the parties should confer and report to my chambers the date and time, within that timeframe, when all counsel are available and will be contacting chambers.

5. It shall be the responsibility of plaintiff's counsel to arrange for a conference call at the prescribed time.

I will do my best to resolve as many discovery disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so after hearing from you, or after review of the letters submitted pursuant to paragraph 2 above, I will direct that the procedures for formal briefing be followed.

Despite the informal nature of this letter, it will constitute an order of the Court and will be docketed accordingly.

Sincerely,

_/s/_

Adam B. Abelson
United States District Court Judge