**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SABRINA TAPP-HARPER, | * | |
| *Plaintiff*, | * | |
| v. | * | No. 1:24-cv-002498-ABA |
| SHERIFF SAMUEL COGEN, | * | |
| *Defendants*. | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**JOINT STATUS REPORT**

The parties, pursuant to this Court's Second Amended Scheduling Order (ECF No. 26), hereby submit this Joint Status Report[1]:

**A.    Whether discovery has been completed.**

a. Plaintiff submits that fact discovery is not yet complete. Several of Defendant's written discovery responses—served March 4, 2026, before any deposition—remain unfulfilled or appear inconsistent with the sworn testimony of Defendant's own witnesses, including documents Defendant stated it "does not possess" but that witnesses identified by category and custodian, interrogatory answers regarding knowledge of Plaintiff's protected activity that conflict with the deposition record, and a privilege log that reflects communications Defendant elsewhere represented it did not have. Because these issues surfaced only through depositions taken at the

---

[1] The parties note that this Report was due to be filed on July 13, 2026, in accordance with the Second Amended Scheduling Order, and inadvertently was not timely filed. Counsel for both parties apologize to the Court for this oversight.

close of discovery, Plaintiff seeks their resolution and, if necessary, a limited good-cause extension under Rule 16(b)(4). The parties will confer promptly under Local Rule 104.7 and will advise the Court of the results, and Plaintiff will follow up with the Court through the appropriate discovery-dispute procedure if the issues cannot be resolved.

b. Defendant believes that discovery has been completed in this matter, following the Court's two extensions of the discovery period, *see* ECF Nos. 23, 26, which allowed for over ten and a half months of discovery.

**B.  Whether any motions are pending.**

No motions are pending at this time.

**C.    Whether any party intends to file a dispositive pretrial motion.**

Defendant intends to file a dispositive motion according to the second amended scheduling order, *see* ECF No. 26, on or before August 19, 2026.

**D.    Whether the case is to be tried jury or non-jury and the anticipated length of trial.**

Plaintiff pled for a jury trial, and the parties anticipate a trial of an anticipated length of no longer than five days.

**E.    A certification that the parties have met to conduct serious settlement negotiations, and the date, time, and place of the meeting and the names of all persons participating therein.**

Counsel for the parties conferred regarding settlement by exchange communications on June 25, 2026, to explore the possibility of a negotiated resolution. It became clear that the prospective monetary positions were too far apart to make a formal

settlement meeting beneficial at this time. The parties have agreed to revisit the prospect of a settlement conference after the court has issued its ruling on a forthcoming dispositive motion.

**F.**     **Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion.**

At this time, the parties do not believe that referral to another judge of this Court for a settlement or other ADR conference would be helpful before the resolution of any dispositive pretrial motion. As stated above, the parties will revisit this after the ruling on a forthcoming dispositive motion.

**G.**     **Whether all parties consent, pursuant to 28 U.S.C. §636 (c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.**

There is not unanimous consent to proceed before a U.S. Magistrate Judge.

**H.**     **Any other matter which you believe should be brought to the court's attention.**

Not at this time.

Respectfully submitted,

/s/ Sheridan T. Yeary
Sheridan T. Yeary (No. 21657)
The Yeary Firm, LLC
P.O. Box 682
Columbia, MD 21045
styeary@yearylegal.com
202-770-7204 (o); 410-275-3199 (f)

Counsel for Sabrina Tapp-Harper

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Alexis Gbemudu
Alexis I. Gbemudu (No. 22021)
Assistant Attorneys General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland  21202
agbemudu@oag.maryland.gov
(410) 576-7011
(410) 974-5926 (facsimile)

2

Counsel for Sheriff Samuel Cogen

## CERTIFICATE OF SERVICE

I certify that, on this 14th day of July, 2025 the foregoing was served by CM/ECF on all registered CMF users.

/s/ Alexis Gbemudu
Alexis Gbemudu