**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

SABRINA TAPP-HARPER,    \*
      Plaintiff,   \*
          \*
    v.       \*  Civil Action No. 1:24-cv-02498-ABA
          \*
SHERIFF SAMUEL COGEN,   \*
      Defendant.  \*

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## JOINT STATUS REPORT

Pursuant to the Court's July 30, 2026, status conference and the parties' subsequent Local Rule 104.7 meet-and-confer process, the parties submit this Joint Status Report concerning the two limited discovery categories the Court permitted the parties to address.

**Plaintiff's Position**

1. On July 31, 2026, Plaintiff served a Local Rule 104.7 good-faith letter addressing two remaining categories of dispute: (1) communications concerning any response by former Sheriff John W. Anderson to Sheriff Cogen's September 2, 2022, transition communication; and (2) the completeness of the EEO investigative file and related electronically stored information concerning Plaintiff's EEO complaint, suspension, and termination. Plaintiff requested any additional responsive production, verified supplemental interrogatory responses, amended Rule 34 responses identifying Bates ranges, a written description of the search performed, and an amended privilege log for any withheld responsive communications.

2. Plaintiff's position is that these issues were preserved before the close of fact discovery and were not raised for the first time after July 13, 2026. Plaintiff first challenged the adequacy of Defendant's March 4, 2026, interrogatory answers, requests-for-production responses, limited Bates production, and repeated "no such records" positions in Plaintiff's May 1, 2026, deficiency notice. In that same letter, Plaintiff

1

expressly requested an ESI meet-and-confer and a written search protocol, identifying the inconsistency between Defendant's repeated "no such records" responses and Defendant's acknowledgement that at least one responsive email existed.

3. Defendant responded on May 8, 2026, and did not treat the search-methodology issue as new or beyond the scope of the served discovery. Instead, Defendant addressed the issue directly by identifying custodians searched, email accounts searched, time periods searched, the search method used, the search terms used, and the production format, while maintaining that the March 4, 2026, responses were proper and complete. Plaintiff submits that this exchange confirms that the search-methodology and completeness issues were joined well before the close of discovery.

4. The dispute then continued through fact discovery rather than arising after it. On May 18, 2026, during Sheriff Cogen's deposition, Plaintiff requested certain additional documents based on the Sheriff's testimony. Plaintiff followed up on June 23, 2026, including as to Sheriff Anderson's response communication and the need for a thorough search of electronic and physical records. Tyra Stewart was then deposed on July 9, 2026, based on the dates made available before the July 13 discovery cutoff.

5. Plaintiff's Stewart deposition notice specifically sought the existence, location, custody, and status of EEO-related emails and investigative, settlement, promotion, suspension, and termination records, including emails for Tyra Stewart, Lenora Dawson, Samuel Cogen, Henry Martin, Eness Brown, and Therman Reed. The parties' July 14, 2026, Joint Status Report then advised the Court that fact discovery was not complete and that the parties would confer promptly under Local Rule 104.7.

6. Plaintiff's July 31, 2026, letter therefore did not inject a new subject into the case. Rather, it narrowed the parties' existing dispute to the two categories the Court

2

permitted the parties to address and requested a verified supplemental response describing with specificity the custodians, systems, date ranges, and methods searched.

7. On August 4, 2026, Defendant responded that his position had not changed. As to the Anderson-response category, Defendant relied on prior responses stating that Sheriff Cogen recalled receiving one response by email but now contends that no such communication has been located within Defendant's possession, custody, or control notwithstanding a renewed diligent search. Defendant further asserts that any challenge is untimely in light of the July 13, 2026, close of fact discovery.

8. Plaintiff submits that this record presents a concrete inconsistency warranting clarification. Defendant's interrogatory response stated that Sheriff Cogen "received one response via email" to the September 2 communication. Defendant's later position is that no such communication can be located after a claimed diligent search. Plaintiff does not ask the Court, at this stage, to draw any finding of bad faith. Plaintiff does submit, however, that this inconsistency warrants a verified, source-specific explanation of what was searched, by whom, over what date range, and with what result.

9. Plaintiff submits that the same is true of the EEO investigative file and related ESI. Defendant now states that all responsive documents have been produced and supplemented and that there are no additional documents to produce and no further privilege-log entries to make. But the present record does not disclose which custodians were searched beyond the limited group identified by Defendant on May 8, which mailboxes, systems, or repositories were searched, whether archived or exported sources were examined, whether shared drives or delegated folders were included, whether emails retained in other custodians' accounts were searched, or how the office addressed the records of deceased former employee Lenora Dawson. Plaintiff submits

3

that those matters are necessary to evaluate Defendant's assertion that the search was complete.

10. Plaintiff further submits that the disputed categories are tied to discovery previously served. The Anderson-response issue corresponds to Interrogatories 10 and 11 and Requests for Production 8, 24, 26, and 30. The EEO/ESI issue corresponds to Interrogatories 6 through 11 and Requests for Production 2 through 8, 23, 26, and 30. Plaintiff's July 31 letter did not inject new subject matter into the case; it sought a concrete accounting for discovery already at issue and for inconsistencies revealed through the discovery record.

11. Plaintiff respectfully requests that the Court order Defendant, within seven days, to serve a verified supplemental statement limited to the two categories identified above. Plaintiff requests that the statement identify:

   a. the custodians searched;

   b. the accounts, systems, repositories, and storage locations searched;

   c. the date ranges used;

   d. the search methods employed;

   e. whether archived mailboxes, exported mailbox files, shared drives, shared folders, delegated folders, and emails retained in other custodians' accounts were searched or evaluated;

   f. whether the records of former or deceased custodians, including Lenora Dawson, were searched, preserved, unavailable, or outside Defendant's access;

   g. who performed, directed, or supervised the search; and

   h. the Bates ranges Defendant contends constitute the complete production responsive to the two disputed categories

12. Plaintiff further requests that Defendant be ordered to state specifically, under verification, whether the "one response via email" referenced in Interrogatory No. 11: (a) exists and is within Defendant's possession, custody, or control; (b) exists but is claimed to be outside Defendant's possession, custody, or control; (c) once existed but can no longer be located after search; or (d) is known only from recollection and not from any recovered record. For whichever position Defendant takes, Plaintiff requests that Defendant identify the sources searched and the factual basis for that position.

13. Plaintiff does not, through this report, seek wholesale reopening of discovery. Rather, Plaintiff seeks the narrower relief necessary to determine whether Defendant's existing representations can be accepted and whether any further targeted relief is required. Plaintiff submits that a conclusory assertion of a "diligent search," without disclosure of the factual basis for that assertion, is insufficient to resolve a dispute centered on acknowledged missing communications and potentially incomplete ESI collection.

14. Plaintiff respectfully preserves the right to seek further relief, including leave to seek targeted compelled production and related relief, if Defendant's verified supplemental statement is not provided, is materially incomplete, or shows that responsive sources were not searched, that prior answers require correction, or that additional responsive materials exist.

## **Defendant's Position**

1. Defendant believes that discovery has been completed in this matter, following the Court's two extensions of the discovery period. *See* ECF Nos. 23, 26. Those extensions afforded the parties more than ten and a half months to conduct discovery. Defendant served full answers to Plaintiff's First Set of Interrogatories and Requests for Production on March 4, 2026, responded to Plaintiff's May 1, 2026, deficiency notice on May 8, 2026, and served supplemental responses on July 13, 2026, following Sheriff

Cogen's May 18, 2026, deposition, and Tyra Stewart's July 9, 2026, deposition. Notwithstanding this complete production, multiple deficiency exchanges, depositions, and supplementation across more than ten months, Plaintiff raised no further concern regarding either disputed category until a good-faith letter served on July 31, 2026 — eighteen days after the close of fact discovery.

2. Plaintiff's characterization of the July 31, 2026, letter as merely "narrowing" an existing dispute does not withstand scrutiny. As to the Anderson-response category, Defendant's position has been consistent and complete since May 8, 2026: Sheriff Cogen described, to the best of his recollection, the substance of his September 2, 2022, correspondence and his recollection of receiving one email response; Defendant identified its production at BCSO000001–000013; and Defendant confirmed that Sheriff Cogen does not possess responsive records beyond what was produced. A renewed diligent search conducted after Plaintiff's June 23, 2026, letter confirmed that no additional document exists within Sheriff Cogen's possession, custody, or control. Plaintiff's own recitation identifies no new fact, no new document, and no new admission — only Plaintiff's insistence that a sworn recollection unconfirmed by a subsequent search must reflect a discovery failure. That is disagreement with an answer Plaintiff has had since May 8, 2026.

3. The EEO investigative file dispute fares no differently. Defendant produced Ms. Tapp-Harper's complete EEO investigative file and related ESI concerning her EEO complaint, suspension, and termination, and supplemented that production on July 13, 2026. Plaintiff's reliance on the July 9, 2026, Stewart deposition establishes only that EEO-related materials are, in general, maintained electronically — it does not identify any specific unsearched repository containing responsive Tapp-Harper records. Following a renewed diligent search, Defendant located no additional responsive

documentation. Plaintiff held the Stewart deposition four days before the close of fact discovery and could have raised any resulting concern before that deadline passed. Plaintiff did not.

4. What is new — and what no amount of recasting can convert into a continuation of an existing dispute — is Plaintiff's present demand for the emails of Lenora Dawson, Tyra Stewart, Joseph Whitaker, Therman Reed, Eness Brown, and unnamed "other BCSO personnel," together with confirmation of whether Defendant's search included archived mailboxes, exported mailbox files, shared folders, and emails retained in other custodians' accounts. No interrogatory or request for production Plaintiff served sought that custodian-by-custodian, source-by-source accounting. To the extent any aspect of this request traces to the Stewart deposition notice, Plaintiff did not follow up on it until July 30, 2026 — seventeen days after the close of fact discovery — and offers no explanation for the delay.

5. Plaintiff's own timeline confirms the problem. Cataloging the May 1 deficiency letter, the May 8 response, the May 18 and July 9 depositions, and the June 23 follow-up as evidence that these issues were "joined" before the close of discovery conflates joinder of a topic with timely pursuit of specific relief. At every one of those junctures, Plaintiff had both the opportunity and the information needed to request the search-methodology detail — custodians searched, systems searched, date ranges used, whether archived or exported sources were reviewed — that Plaintiff now demands. Plaintiff did not do so. A party may not allow a fully answered interrogatory to sit unchallenged for months, let the discovery period close, and then present an untimely request for new information as a mere clarification of an old one.

6. Nor does Defendant's May 8, 2026, response support Plaintiff's position. That response addressed the discovery requests actually served; it did not waive, and cannot be read

7

to waive, Defendant's right to object to a categorically broader and more granular request first articulated on July 31, 2026, after discovery had already closed.

7. To the extent Plaintiff remains unsatisfied with the substance of Defendant's answers — including the perceived inconsistency between Sheriff Cogen's recollection and the results of a later diligent search — that basis for dissatisfaction existed well before the close of discovery. Plaintiff's remedy was to timely test the sufficiency of the answer, not to wait until after the discovery deadline and then demand a new, more detailed sworn statement. Plaintiff identifies no changed circumstance, no newly discovered fact, and no basis under Rule 26 or this Court's Scheduling Order that would justify reopening discovery at this stage.

8. Defendant respectfully submits that discovery is complete; that Plaintiff's request for a further verified statement — reaching both custodians never previously the subject of any discovery request and a level of search-methodology detail never previously requested — is untimely; and that no further Court-ordered supplementation is warranted. Defendant preserves all previously asserted objections, including as to timeliness, relevance, and proportionality, and does not consent to any further extension of the fact-discovery deadline.

9. Defendant respectfully requests that this Court proceed with its current dispositive motions briefing schedule.

**Dated**: August 7, 2026 Respectfully submitted,

/s/ Sheridan T. Yeary
Sheridan T. Yeary
The Yeary Firm, LLC
P.O. Box 682
Columbia, Maryland 21045
styeary@yearylegal.com
(202) 770-7204
*Counsel for Plaintiff Tapp-Harper*

/s/ Alexis Gbemudu
Alexis Gbemudu
Office of the Attorney General
        of Maryland
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
agbemudu@oag.maryland.gov
(410) 576-7011
*Counsel for Defendant Cogen*