**IN THE**
**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| SABRINA TAPP-HARPER, *Plaintiff*, | * | |
| v. | * | No. 1:24-cv-002498-ABA |
| SHERIFF SAMUEL COGEN, *Defendant*. | * | |

* * * * * * * * * * * *

**SHERIFF SAMUEL COGEN'S ANSWERS TO INTERROGATORIES**

Defendant, Sheriff Samuel Cogen, under Federal Rule of Civil Procedure 33 and Local Rule 104, responds to the interrogatories propounded by plaintiff, Sabrina Tapp-Harper, as follows.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

1. The language, word usage, and sentence structure in these answers may be that of the attorney who assisted in the preparation of these answers and do not necessarily purport to be the exact language of the executing party.

2. The interrogatories have been interpreted and answered according to the Federal Rules of Civil Procedure ("Rules"), the Court's Local Rules, plain English usage, and, to the extent not specifically challenged by objection, any definitions and instructions in the interrogatories.

3. Defendant objects to the interrogatories to the extent they seek information subject to the attorney-client privilege, the work-product doctrine, the deliberative privilege, the executive



EXHIBIT
6
exhibitsticker.com

privilege, the legislative privilege, or any other privilege, including information prepared in anticipation of litigation.

4. Defendant objects to the interrogatories to the extent that they seek information that is confidential, proprietary, a trade secret, or subject to privacy restrictions.

5. Defendant objects to the interrogatories to the extent that they purport to require the provision of information and/or documents not in the possession, custody, or control of Defendant.

6. Defendant objects to the interrogatories to the extent that under Rule 26(b), they are not relevant to any party's claim or defense or not proportional to the needs of the case.

7. Defendant objects to these interrogatories and their definitions and instructions to the extent that they impose duties that exceed those required by the Rules or the Local Rules.

8. Defendant objects to these interrogatories to the extent that they are vague, ambiguous, overly broad, unlimited in time, duplicative, or cumulative.

9. Defendant generally objects to any interrogatories that improperly combine discrete subparts in violation of Rule 33(a)(1).

10. Defendant reserves the right to supplement, amend, or correct the answers to these interrogatories.

11. Defendant does not concede the relevancy, materiality, or admissibility of any information, documents, or other information provided in these answers, which are provided without prejudice to the right to object to the admissibility of any evidence.

12. Defendant does not waive any protections or privileges by responding to these interrogatories. The inadvertent production or disclosure of protected or privileged information shall not constitute a waiver of any privilege or any other basis to object to the admissibility of such information into evidence.

13. Defendant adopts and incorporates by reference the preliminary statement and general objections into each of the following answers.

14. Subject to and without waiving the foregoing general objections, Defendants respond to the Interrogatories as follows:

## ANSWERS TO INTERROGATORIES

1. **INTERROGATORY NO. 1**: State the full name, address, telephone number, job title, and employer of each person who has knowledge of facts relevant to any claim or defense in this action, and for each such person, describe in detail the subject matter of their knowledge.

**ANSWER:** Sheriff Cogen objects to this Interrogatory pursuant to Md. Ann. Code, General Provisions, §§4-311 and 4-331 on the grounds that providing any personal information of a government employee is not relevant, confidential, and compromises officer safety. Subject to and without waiving these objections:

Full name: Samuel Cogen
Address: 100 N. Calvert Street, Baltimore MD 21202
Telephone number: 410-396-1155
Job title: Sheriff
Employer: Baltimore City Sheriff's Office
Subject matter of knowledge: The Defendant objects to this interrogatory as vague and overbroad.

Full name: Joseph Whitaker III
Address: 100 N. Calvert Street, Baltimore MD 21202
Telephone number: 410-396-1155
Job title: Chief Deputy Sheriff
Employer: Baltimore City Sheriff's Office
Subject matter of knowledge: The Defendant objects to this interrogatory as vague and overbroad.

Full name: Therman Reed
Address: Unknown
Telephone number: Unknown
Job title: Unknown
Employer: Resigned/Retired from Sheriff's Office
Subject matter of knowledge: The Defendant objects to this interrogatory as vague and overbroad.

Full name: Lenora Dawson, Deceased
Address: N/A
Telephone number: N/A
Job title: N/A
Employer: N/A
Subject matter of knowledge: The Defendant objects to this interrogatory as vague and overbroad.

2. **INTERROGATORY NO. 2**: Identify all persons who participated in, were consulted about, or had knowledge of the decision to place Plaintiff on administrative leave on November 30, 2022, and for each person, describe their role in the decision-making process and the factual basis for their recommendation or decision.

**ANSWER:** *See* Answer to Interrogatory No. 1.

3. **INTERROGATORY NO. 3**: Identify all persons who participated in, were consulted about, or had knowledge of the decision to terminate Plaintiff's employment on December 27, 2022, and for each person, describe their role in the decision-making process and the factual basis for their recommendation or decision.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Subject to and without waiving these objections: Please refer to the response previously provided in, *see* Answer to Interrogatory No. 1.

Additionally, Sheriff Cogen and Joseph Whitaker had, prior to the date of incident, made determinations on the direction of the new Sheriff's Administration and determined which employees' services were no longer needed for the direction of the new Sheriff's Administration. Any employee who was no longer needed was an at-will employee.

Therman Reed, after appointed as Assistant Sheriff, was ordered to secure the Plaintiff's Sheriff's Office property and send Plaintiff home, pending the administrative process that resulted in her ultimate termination on December 27, 2022.

4. **INTERROGATORY NO. 4**: State with specificity all reasons and factual bases for placing Plaintiff on administrative leave on November 30, 2022, including the date each reason first arose, who first identified each reason, and all documents supporting each reason.

   **ANSWER:** *See* Answer to Interrogatory No. 3. Additionally, Plaintiff's at-will employment status was a factor taken into consideration when she was placed on administrative leave.

5. **INTERROGATORY NO. 5**: State with specificity all reasons and factual bases for terminating Plaintiff's employment on December 27, 2022, including the date each reason first arose, who first identified each reason, and all documents supporting each reason.

   **ANSWER:** *See* Answer to Interrogatories No. 3 and 4.

6. **INTERROGATORY NO. 6**: State when You first became aware of Plaintiff's EEO Complaint filed on September 7, 2021, including how You learned of it, who informed You, and the substance of what You learned. If Your knowledge came from a document, identify the document.

   **ANSWER:** Sheriff Cogen became aware of Plaintiff's EEO Complaint filed on September 7, 2021 and subsequent settlement agreement on November 30, 2022. Sheriff Cogen officially retired from his previous position with the Baltimore City Sheriff's Office as of October 5, 2021, and was not employed by the Baltimore City Sheriff's Office for all of 2021.

7. **INTERROGATORY NO. 7**: State when You first became aware of Plaintiff's Amended EEO Complaint filed on September 29, 2021, which specifically named You (then-Assistant Sheriff Cogen) as responsible for the disparate application of training reimbursement policy, including how You learned of it, who informed You, the substance of what You learned, and Your reaction to learning this information.

   **ANSWER:** Sheriff Cogen first became aware of Plaintiff's Amended EEO Complaint filed on September 29, 2021, in August of 2023. Sheriff Cogen officially retired from his previous position with the Baltimore City Sheriff's Office as of October 5, 2021, and was not employed by the Baltimore City Sheriff's Office for all of 2021.

8. **INTERROGATORY NO. 8**: State when You first became aware of the Settlement Agreement between Plaintiff and the Baltimore City Sheriff's Office executed in August 2022, including how You learned of it, who informed You, the substance of what You learned, and all documents relating to Your knowledge of this agreement.

**ANSWER:** *See* Answer to Interrogatory No. 6.

9. **INTERROGATORY NO. 9:** Describe in complete detail all communications You had with any person regarding Plaintiff's EEO Complaint, Amended EEO Complaint, or Settlement Agreement between September 7, 2021, and December 27, 2022.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Subject to and without waiving these objections: None.

10. **INTERROGATORY NO. 10**: Identify and describe in detail the communication You sent on September 2, 2022, to Baltimore City Sheriff John W. Anderson requesting a pause in certain administrative processes, including hiring and promotion, including when You sent it, why You sent it, what You requested, by what authority you made the request (legal, moral, or political), and all responses You received.

**ANSWER:** Sheriff Cogen cannot locate documentation that was sent via official U.S. Mail to then Sheriff John W. Anderson. To the best of his recollection, Sheriff Cogen recalls sending correspondence to then Sheriff Anderson requesting that he open a dialogue, create a transition process, designate Lenora Dawson as a point of contact, and requested that then Sheriff Anderson pause and cease certain personnel and budgetary actions.

Sheriff Cogen was not Sheriff at the time, had earned the Democratic nomination for Sheriff of Baltimore City, and was running in the General Election against no opposition. The letter was a request of the Sheriff under no legal authority. Rather, it acknowledged the high probability that Defendant was going to win the election to the Office of Sheriff of Baltimore City and would be taking the office in a matter of a few months.

11. **INTERROGATORY NO. 11**: Describe in detail all communications You had with Sheriff John W. Anderson or any other BCSO employee regarding Plaintiff, her employment status, or her future with BCSO between September 2, 2022, and November 30, 2022.

**ANSWER:** Sheriff Cogen received one response via email in response to correspondence sent via U.S. mail, as mentioned in Interrogatory No. 10.

12. **INTERROGATORY NO. 12**: Identify the individual who replaced Plaintiff as Assistant Sheriff, including their name, race, gender, date of birth, qualifications for the position of Assistant Sheriff, whether they are/were certified as law enforcement officers under Maryland law, years of experience in law enforcement, education, date of appointment, and the process by which they were selected.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections: No single individual replaced Plaintiff. Rather, the change in direction of the office was to appoint three (3) individuals to an Assistant Sheriff rank. The initial three individuals were (1) Therman Reed, (2) David McClure, and (3) Lenora Dawson.

Sheriff Cogen objects to the remainder of this request to the extent it is irrelevant to the remaining claim and defenses in this litigation.

13. **INTERROGATORY NO. 13**: Describe in detail the qualifications, experience, and selection criteria used to select Plaintiff's replacement as Assistant Sheriff, including who established these criteria, when they were established, and all documents relating to the selection process.

**ANSWER:** Please refer to the response previously provided in Answer to Interrogatory No. 12.

14. **INTERROGATORY NO. 14**: Identify all individuals who served as Assistant Sheriff or in equivalent command positions at BCSO from January 1, 2020, to present, and for each person state: full name, race, gender, dates of service in that position, circumstances of their departure from the position (resignation, retirement, termination, promotion, etc.), and reason for departure.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence is irrelevant to the remaining claim and defenses in this litigation.

15. **INTERROGATORY NO. 15**: Identify all BCSO employees who were placed on administrative leave between January 1, 2022, and December 31, 2023, and for each person state: name, race, gender, position/title, date placed on leave, reason for leave, who made the decision, duration of leave, and ultimate disposition (returned to work, resigned, terminated, etc.).

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence and is irrelevant to the remaining claim and defenses in this litigation.

16. **INTERROGATORY NO. 16**: Identify all BCSO employees who were terminated

between January 1, 2022, and December 31, 2023, and for each person state: name, race, gender, position/title, date of termination, reason for termination, who made the termination decision, and whether the employee had filed any EEO complaints or engaged in any protected activity.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence is irrelevant to the remaining claim and defenses in this litigation.

17. **INTERROGATORY NO. 17**: Identify and describe all communications You had with any representative of the State Retirement and Pension System of Maryland regarding Plaintiff between November 30, 2022, and December 31, 2022, including the date of each communication, the persons involved, and the substance of the communication.

**ANSWER:** Sheriff Cogen does not recall any communications with the State Retirement and Pension System of Maryland regarding Plaintiff between November 30, 2022, and December 31, 2022.

18. **INTERROGATORY NO. 18**: Describe all policies and procedures in effect at BCSO regarding administrative leave during the Relevant Time Period, including when it may be imposed, what notice must be provided to affected employees, who has authority to impose it, and what procedural protections are afforded to employees.

**ANSWER:** Sheriff Cogen objects to this Interrogatory because it improperly seeks the production of documents, which is governed by Federal Rule of Civil Procedure 34, not Rule 33. To the extent the Interrogatory attempts to circumvent the procedural requirements and limitations of Rule 34, it is improper and objectionable.

Subject to and without waiving these objections, Defendant will identify responsive information, if any, consistent with the Federal Rules of Civil Procedure.

19. **INTERROGATORY NO. 19:** Describe all policies and procedures in effect at BCSO regarding termination of Assistant Sheriffs or equivalent command-level employees during the Relevant Time Period, including required approvals, notice requirements, and appeal rights.

**ANSWER:** *See* Answer to Interrogatory No. 18.

20. **INTERROGATORY NO. 20**: State whether Plaintiff engaged in any misconduct, performance deficiencies, policy violations, or other grounds for discipline during her employment from September 1, 2022, through December 27, 2022, and if so, describe in detail each instance, including specific dates, witnesses, documents, and the factual

basis for any such allegation.

**ANSWER:** On October 12, 2022, Plaintiff requested the office to expunge certain documents in violation of MD. Code Pub. Safety Art. § 3—112 (effective July 1, 2022). *See* BCSO 000005.

21. **INTERROGATORY NO. 21**: Identify all training reimbursement claims or recoupment actions taken by BCSO from January 1, 2019, to December 31, 2022, and for each action state: employee name, race, gender, position, amount sought to be recouped, reason for the recoupment, date of action, who made the decision, and final disposition.

**ANSWER:** None.

22. **INTERROGATORY NO. 22**: Describe in detail Your understanding of the allegations Plaintiff made against You in her Amended EEO Complaint regarding the disparate application of the training reimbursement policy.

**ANSWER:** Sheriff Cogen has not read the complaint.

23. **INTERROGATORY NO. 23**: Identify all complaints, charges, or claims of discrimination, harassment, or retaliation filed by BCSO employees or former employees that You were aware of as of November 30, 2022, including the complainant's name, nature of complaint, date filed, and resolution.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is not relevant to the subject matter of this proceeding and is not reasonably calculated to lead to the discovery of admissible evidence and is irrelevant to the remaining claim and defenses in this litigation.

24. **INTERROGATORY NO. 24:** Describe in complete detail Your activities and decision-making from September 2, 2022, and November 30, 2022, from the time of your initial outreach to former Sheriff Anderson and the day you were sworn in as Sheriff, thru the end of that day (November 30, 2022). This includes all meetings attended, persons spoken with, decisions made, and actions taken regarding personnel matters.

**ANSWER:** Sheriff Cogen objects to the Interrogatory to the extent that it seeks information that is protected from disclosure by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from discovery. Sheriff Cogen also objects to this interrogatory as overbroad. Subject to and without waiving these objections:

*See* Answer to Interrogatory No. 3.

25. **INTERROGATORY NO. 25**: State all facts supporting Your contention, if any, that Plaintiff's termination was not motivated by or causally connected to her filing of the EEO Complaint or any other protected activity.

**ANSWER:** *See* Answer to Interrogatory No. 5.

Respectfully submitted,

ANTHONY G. BROWN
Attorney General of Maryland

/s/ Alexis I. Gbemudu
Alexis I. Gbemudu (No. 22021)
Assistant Attorney General
200 St. Paul Place, 19th Floor
Baltimore, MD 21202
agbemudu@oag.maryland.gov
(410) 576-7011

Counsel for Sheriff Samuel Cogen

## CERTIFICATE OF SERVICE

I certify that, on this 4th day of March, 2026, the foregoing was sent by electronic mail only (with consent) on the following:

Sheridan T. Yeary, Esq.; #21657
The Yeary Firm, LLC
P.O. Box 682
Columbia, Maryland 21045
(202) 770-7204 (o); (410) 275-3199 (f)
styeary@yearylegal.com

/s/ Alexis I. Gbemudu
Alexis I. Gbemudu